# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR274 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| RONDELL HARRIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Rondell Harris ("Harris") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 20 ["Mot."]). The government opposes the motion (Doc. No. 23 ["Opp'n"]). Because the Court lacks jurisdiction to entertain Harris' claim, the motion is DISMISSED.

On September 25, 2017, Harris pled guilty to an indictment charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Minutes of Proceedings, Sept. 25, 2017; Doc. No. 1 (Indictment).) On January 11, 2018, this Court sentenced Harris to a term of imprisonment of 37 months, "with credit for time served as determined by the Bureau of Prisons." (Doc. No. 19 (Judgment) at 111.[1]) The most recent docket entry reflects that Harris is confined at USP Allenwood in White Deer, Pennsylvania. (Doc. No. 25 (Notice of Change of Address), filed Jan. 28, 2019.) The BOP's website, however, indicates that Harris may have recently been transferred to USP Hazelton in Bruceton Mills, West

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

Virginia. (https://www.bop.gov/inmateloc/, last visited Nov. 15, 2019.) In any event, it is clear that Harris is not confined in this Court's judicial district.

On October 15, 2018, Harris filed the present motion under 28 U.S.C. § 2255. In his motion, Harris seeks to correct the Bureau of Prison's ("BOP") calculation of his jail-time credit and release date. (Mot. at 117–25.) Claims under 28 U.S.C. § 2255 challenge the imposition or legality of the prisoner's sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Claims challenging the execution of the prisoner's sentence are properly brought under 28 U.S.C. § 2241. *Id.* Accordingly, a petitioner seeking to challenge how his confinement is being executed, such as the conditions of his confinement or the calculation of a release date, must seek relief via a petition under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991).

By challenging the BOP's calculation of his jail-time credit and release date, Harris is attacking the execution of his sentence. Consequently, he must file a habeas petition under § 2241 in the district in which he is being confined. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (federal prisoners are required to file § 2241 petitions "in the court having jurisdiction over the prisoner's custodian"); *In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir. 1997). Because Harris is in custody outside of this judicial district, this Court lacks jurisdiction to consider the motion. *Jalili*, 925 F.2d at 893–94. Moreover, transfer to the district where he is confined would be inappropriate because Harris has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of an inmate's release date. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (Table), 1995 WL 113825 (6th Cir. 1995) (district court did not

abuse its discretion in refusing to transfer case challenging sentencing credit to jurisdiction of confinement where petitioner did not demonstrate exhaustion of administrative remedies) (citing, among authority, *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992)).

Because this Court lacks jurisdiction over Harris' challenge to the execution of his sentence, his § 2255 motion is DISMISSED without prejudice so that he may file a petition under 28 U.S.C. § 2241 in the judicial district where he is serving his sentence, after he has exhausted his administrative remedies. *See also Jalili*, 925 F.2d at 893–94; *see, e.g., United States v. Webb*, 887 F.2d 1082 (Table), 1989 WL 117898 (6th Cir. 1989) (remanding § 2255 motion for dismissal by the sentencing court for want of jurisdiction where motion challenged calculation of release date and was not brought in the district of prisoner's confinement).

**IT IS SO ORDERED**.


Dated: November 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**